IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | |
|---|---|
| CALVIN JACKSON WIDEMON, PRO SE, § <br> TDCJ-CID #275142, § <br> § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> JIMMY L. WHITE, Judge, § <br> CHARLES C. BAILEY, D.A., § <br> G.F. (Corky) STOVALL, Defense Attorney, § <br> § <br>     Defendants. § | 2:05-CV-0238 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff CALVIN JACKSON WIDEMON, acting *pro se* and while incarcerated as a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been allowed to proceed *in forma pauperis*.

Plaintiff claims his constitutional rights were violated in connection with his April 20, 2004 Judgment of Conviction on his plea of guilty to a charge of injury to a child. Plaintiff claims: (1) he suffered violations of due process because the grand jury or the trial court was without jurisdiction; (2) the indictment was invalid and was not properly amended; (3) his plea agreement was coerced and illegal because the indictment was not valid or validly amended; (4) he was denied effective assistance of counsel by his defense attorney who acted in conjunction with the Judge and the D.A. to coerce plaintiff to accept the plea bargain; and (5) he was informed in open court that he could not appeal his conviction because it was based on a plea agreement.

Plaintiff requests relief from his present sentence of judgment, relief from his confinement, relief from the plea agreement, restoration of life and liberty, a remand to the trial court with instructions to release him, reinstatement of his parole, an investigation into "possible previous acts by one or more of these named defendants, with a restraining order to be issued upon a positive finding of other wrongdoing," and compensatory relief in excess of $54,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will also support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Therefore, plaintiff's request that his conviction be overturned and removed from his record and that he be immediately released from incarceration must be pursued through an action in habeas corpus.

Concerning plaintiff's remaining claims for monetary relief and prosecution of the defendants, to the extent any these claims sound in civil rights, they are barred by plaintiff's failure to meet the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Plaintiff's pleading makes clear that he has never successfully appealed his conviction or had it cast into doubt by a successful habeas action or otherwise, it is clear his conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenge to his conviction lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),


IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Plaintiff's Civil Rights Claims are DISMISSED AS FRIVOLOUS WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff's claims sounding in habeas are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   2nd   day of September, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

4